70 F.3d 1282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Diane M. Fraser DEEBLE, Plaintiff-Appellant,
v.
William DYSLIN, Tom McNamara, Chief Deputy, Sheriff's
Department, Indianola, Iowa; Campbell County Sheriff's
Department, Indianola, Iowa; Bill Geiger, Financial Aid
Officer, Simpson College, Indianola, Iowa; Simpson College,
Indianola Iowa; County Department of Human Services,
Indianola, Iowa, Defendants-Appellees.
 No. 95-8004.
 United States Court of Appeals, Tenth Circuit.
 Nov. 25, 1995.
 
 Before BRISCOE, LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 ORDER AND JUDGMENT[1]
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Diane Deeble appeals the district court's dismissal of her lawsuit on jurisdictional grounds. Because Ms. Deeble has not demonstrated abrogation of Eleventh Amendment immunity by the State of Iowa or the existence of personal jurisdiction over the remaining defendants, we affirm.
 
 
 3
 Ms. Deeble moved to Indianola, Iowa, to attend Simpson College in April 1992. While in Indianola, Ms. Deeble apparently applied for some type of benefits from the Warren County Department of Human Services. Ms. Deeble alleges that she was sexually harassed by her landlord, Mr. Dyslin, that she was forcibly evicted from her apartment by the Warren County Sheriff's Department, and that she was mistreated by Chief Deputy McNamara. Upon relocating to Wyoming, Ms. Deeble filed a civil action against the above-described parties in the United States District Court for the District of Wyoming.
 
 
 4
 Defendants moved for dismissal on jurisdictional grounds. The district court granted their motions, finding that the Warren County Department of Human Services was entitled to Eleventh Amendment immunity, and that due process prohibited an exercise of jurisdiction over the remaining defendants. This appeal followed.
 
 
 5
 A plaintiff bringing an action in federal court bears the burden of showing both that the case falls within the court's subject matter jurisdiction and that the court has personal jurisdiction over the parties. See Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1075 (10th Cir.1995)(personal jurisdiction); Henry v. Office of Thrift Supervision, 43 F.3d 507, 512 (10th Cir.1994)(subject matter jurisdiction). We review the district court's determination of its jurisdiction de novo. Towne, 46 F.3d at 1075; Henry, 43 F.3d at 511.
 
 
 6
 "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." Henry, 43 F.3d at 511. Diversity of citizenship is one such basis for federal jurisdiction. See U.S. Const. art. III, 2, cl. 1; 28 U.S.C. 1332. This jurisdiction is limited, however, by the principle of sovereign immunity reflected in the Eleventh Amendment, which provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984)("[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III."). In the absence of consent or congressional abrogation, therefore, the Eleventh Amendment shields a state and its agencies or departments from suit in federal court. Id. at 99-100.
 
 
 7
 Here, the Warren County Department of Human Services is simply a local office of the Iowa Department of Human Services. See Iowa Code 217.42 (1994). The fact that Ms. Deeble was required to submit a new application for benefits upon moving to a different county did not transform the office into a county agency. Rather, because the Warren County office performs state functions and any judgment against it would be paid from the state's treasury, it is an arm of the state entitled to Eleventh Amendment protection. See Hess v. Port Auth. Trans-Hudson Corp., 115 S.Ct. 394, 404 (1994)(noting that "the vulnerability of the State's purse [is] the most salient" factor in determining whether an entity is an arm of the state); see also Iowa Code 217.1, 217.42, 669.2, 669.4, 669.11 (1994). The district court was correct, therefore, in dismissing the claim against the Warren County office on Eleventh Amendment grounds.
 
 
 8
 Dismissal of the claims against the remaining defendants for lack of personal jurisdiction was also proper. Although Ms. Deeble argues correctly that service of process satisfies the due process requirements of notice and an opportunity to be heard, she does not address the due process requirement that a defendant have such minimum contacts with the forum state that maintenance of a suit there would not offend traditional notions of fair play and substantial justice. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980).
 
 
 9
 The defendants in this case lack minimum contacts with the state of Wyoming. All of the events underlying Ms. Deeble's lawsuit occurred in Iowa. There is no evidence that defendants have conducted any business or committed any torts in Wyoming. Instead, it appears that Ms. Deeble seeks to base jurisdiction simply on the "fortuitous circumstance" that she currently resides in Wyoming. See id. at 295. Because defendants lack minimum contacts with the forum state, it would violate the defendants' due process rights to allow Ms. Deeble to maintain her Wyoming lawsuit against them.
 
 
 10
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED. Ms. Deeble's motion to prohibit involvement of the Wyoming Attorney General's office (and/or Department of Justice) is DENIED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470